**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GEORGE BYRD**, on behalf of himself and others similarly situated, | : : : |
| Plaintiff, | : **CASE NO. 2:23-cv-1603** : |
| v. | : **JUDGE** : |
| **PREMIUM GUARD INC.**, c/o Byron Blake Howard 2750 Creekside Parkway Lockbourne, OH 43137 | : : **JURY DEMAND ENDORSED** : **HEREON** : |
| -and- | : : |
| **IMPORT PRODUCTS CO., LLC**, 3495 Gantz Road Grove City, OH 43123 | : : : : |
| Defendants. | : |

**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff George Byrd ("Named Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Defendants Premium Guard Inc. ("Defendant PGI") and Import Products Co., LLC ("Defendant IPC") (collectively Defendant PGI and Defendant IPC referred to as "Defendants") for their failure to pay employees overtime wages and seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are

Page **1** of **16**

asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following collective and class action allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio and Defendants have conducted substantial business in the Southern District of Ohio.

**II.     PARTIES**

    **A.      Named Plaintiff**

4. Named Plaintiff is an individual and a United States citizen, and he was employed in this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts primarily in the position of Inventory Coordinator from approximately June 2021 to the present.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties for Defendants and was paid on an hourly basis.

7. Named Plaintiff brings this action on behalf of himself and other similarly situated production employees, and he has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b), attached hereto as **Exhibit A**.

### B. Defendants

8. Defendant PGI is a corporation that is authorized to do business in Ohio and conducts business in this judicial district.

9. Defendant PGI designs, manufactures, and distributes products for the automotive aftermarket industry.[1]

10. Defendant IPC is a foreign limited liability company that has its principal place of business in West Bridgewater, Massachusetts.

11. Upon information and belief, Defendant PGI owns Defendant IPC.

12. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers because they jointly operate and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

13. Because the work performed by Named Plaintiff and other similarly situated production employees benefited Defendants and directly or indirectly furthered their joint

---

[1] *About*, Premium Guard, Inc., https://www.premiumguard.com/about/ (last visited May 11, 2023).

interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

14. Defendants collectively have/had substantial control over Named Plaintiff's and similarly situated production employees' working conditions and over the unlawful policies and practices alleged herein.

15. Defendants directly or indirectly control(ed) the terms and conditions of Named Plaintiff's work and the work of similarly situated production employees.

16. Defendants maintain(ed) control, oversight, and direction over Named Plaintiff and similarly situated production employees, including but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

17. Upon information and belief, Defendants have caused to be applied substantially the same employment policies, practices, and procedures to all hourly production employees at their locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and timekeeping.

18. Each of the Defendants is an "employer" of Named Plaintiff and similarly situated production employees as that term is defined by the FLSA.

19. Each of the Defendants has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts.

21. Upon information and belief, Defendants jointly operate, control, and employ employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in

or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level).

22. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage laws of the United States and of the State of Ohio as well as Ohio's Recordkeeping laws.

23. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III. FACTS

24. Named Plaintiff and those similarly situated production employees held job titles and/or worked in "job families" that included, but are not limited to, inventory coordinator, operator, inventory clerk, and those performing similar duties generally in the production facilities (collectively referred to as "production employees").

25. Regardless of their particular job title or job family, Named Plaintiff and those similarly situated production employees were paid on an hourly basis and were non-exempt production employees of Defendants.

26. Defendants paid Named Plaintiff and other similarly situated production employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

27. In addition to the Base Hourly Wage, Defendants pay their production employees additional forms of remuneration that should be included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include but are not limited to nondiscretionary attendance bonuses for working their weekly scheduled shifts

(hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

28. Regarding the nondiscretionary attendance bonuses for working their scheduled shifts, Named Plaintiff and other similarly situated production employees were contacted and promised that if they worked their scheduled shifts, then they would receive a bonus payment in an already predetermined amount to induce them to work their scheduled shifts. Attendance bonuses are required to be included in Defendants' employees' regular rate of pay calculations according to the United States Department of Labor.[2]

29. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated production employees regularly received their Base Hourly Wage and Additional Remuneration, such as the attendance bonuses described above, in various workweeks when they worked in excess of forty (40) hours.

30. When Defendants paid Named Plaintiff and other similarly situated production employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rates of pay for purposes of overtime pay because Defendants did not include Additional Remuneration in the regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated production employees the overtime wages that they were due in accordance with the requirements of the FLSA.

31. As an example, for the pay period covered by Named Plaintiff's paycheck on March 3, 2023, Named Plaintiff worked forty (40) hours of at his base hourly rate of $19.00 and two (2) hours at an overtime rate of $28.50 (one and one-half times his base hourly rate of $19.00).

---

[2] *See Fact Sheet #56 – Bonuses Under the Fair Labor Standards Act (FLSA)*, U.S. DEP'T OF LAB., https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last visited May 11, 2023).

However, Named Plaintiff also received an attendance bonus of $84.00 during this week. Defendants failed to properly calculate Named Plaintiff's overtime rate by excluding the attendance bonus from the calculation of his regular rate.

32. Named Plaintiff and similarly situated production employees regularly worked more than forty (40) hours per workweek, but they were not paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendants' policy and/or practice described herein.

33. Defendants' failure to compensate Named Plaintiff and similarly situated production employees as set forth above resulted in unpaid overtime.

34. Defendants' policy and/or practice of not fully compensating production employees applies to all of their similarly situated hourly, non-exempt production employees.

35. At all times relevant herein, Named Plaintiff and those similarly situated production employees were employees as defined in the FLSA, the Ohio Acts, and the Ohio Constitution Art. 2 § 34a.

36. Defendants are and have individually and jointly been an "employer" as that term is defined by the FLSA and the Ohio Acts.

37. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated production employees for time spent working as described herein.

38. As a result of Defendants' common policies and/or practices described above, Named Plaintiff and other similarly situated production employees have not been paid for all hours worked, resulting in overtime damages in one or more workweek(s) when they worked at least forty (40) hours during their employment.

39. Upon information and belief, for the three (3) years preceding this Complaint, Defendants applied the same pay practices and/or policies to all similarly situated hourly, non-exempt production employees, including Named Plaintiff.

### A. 216(b) Collective Action for Unpaid Overtime Wages

40. Named Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all other similarly situated production employees who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

41. The collective that Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly, non-exempt production employees of Defendants who received Base Hourly Wage and Additional Renumeration in any workweek that they were paid for more than 40 hours of work beginning 3 years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

42. The employees encompassed in the definitions above include, but are not limited to, employees working as "production employees" as defined herein.

43. This action is maintainable as an "opt-in" collective action pursuant to Section 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid overtime wages and damages. Named Plaintiff is representative of those other production employees and is acting on behalf of their interests, as well as his own, in bringing this action.

44. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

### B. Rule 23 Class Action for Unpaid Overtime Wages

45. Named Plaintiff additionally brings his claims under the Ohio Acts pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former Ohio hourly, non-exempt production employees of Defendants who received Base Hourly Wage and Additional Renumeration in any workweek that they were paid for more than 40 hours of work beginning 2 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").**

46. The Ohio Rule 23 Class includes all production employees employed by Defendants who worked in the State of Ohio during the relevant time period above.

47. The Ohio Rule 23 Class, as defined above, are both so numerous that joinder of all members is impracticable.

48. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

49. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 class as well as the interests of all members of the Ohio Rule 23 Class.

50. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

51. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

52. Questions of law and fact are common to the Ohio Rule 23 Class.

53. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt production employees.

54. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

55. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for all overtime hours worked; (b) whether Defendants kept accurate records of the amount of time that the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Acts were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Acts; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Named Plaintiff and the Ohio Rule 23 Class Members for overtime or other compensation that was withheld or not paid to them.

57. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.    CAUSES OF ACTION**

**COUNT I:**
**(29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendants.

60. Defendants' practice and/or policy of not including Additional Renumeration in the regular rate of pay calculations resulted in the underpayment of overtime wages in workweeks that Named Plaintiff and other similarly situated FLSA Collective Members worked overtime.

61. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

62. As a result of Defendants' practices and/or policies, Named Plaintiff and the FLSA Collective Members have been injured in that they have not received overtime wages due to them pursuant to the FLSA.

63. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at

this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

64. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective.

**COUNT II:**
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME UNDER THE OHIO WAGE ACT)**

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought under the Ohio Wage Act.

67. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

68. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) their regular rates of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (same).

69. While employed by Defendants, Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but they were not fully paid overtime wages for all such hours spent working as outlined above.

70. As a result of Defendants' companywide corporate policies, they failed to pay Named Plaintiff and the Ohio Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

71. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Acts.

72. Defendants' repeated, knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of Section 4111.03, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members are entitled.

73. For Defendants' violations of Section 4111.03, Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Ohio Rule 23 Class Members.

**COUNT III:**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

76. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

77. The OPPA requires that the Defendants timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages in accordance with Section 4113.15(A).

78. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendants also violated the OPPA.

79. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid overtime wages remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

80. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

81. As a result of Defendants' willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and the Ohio Acts, and, as such, Named Plaintiff, FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Declaring judgment against Defendants for damages for all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

F. Declaring judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed during the applicable statutory period(s) under the FLSA and continuing through trial;

G. Awarding unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

H. Awarding liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed during the applicable statutory period;

I. Awarding costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

J. Awarding Named Plaintiff's counsel reasonable attorneys' fees and all costs connected with this action;

K. Granting further leave to add additional plaintiffs;

L. Declaring judgment for all civil penalties to which Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class may be entitled; and

M. Granting such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman* _____
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
     agedling@mcoffmanlegal.com
     khendren@mcoffmanlegal.com
     takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

>/s/ Matthew J.P. Coffman
>Matthew J.P. Coffman